UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| LASHANE MAURICE MORRIS, | ) | |
| Plaintiff, | ) | Civil No. 5: 13-53-JMH |
| v. | ) | |
| HOPE CENTER RECOVERY PROGRAM, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Lashane Maurice Morris is an inmate confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Morris filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted Morris's motion to pay the filing fee in installments by prior order. [R. 11]

The Court must conduct a preliminary review of Morris's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Morris's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*,

1

551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Morris indicates that in December 2012 he was a participant in the Recovery Program for Men operated by the Hope Center in Lexington, Kentucky. Morris alleges that on December 27, 2012, he filed a grievance against staff member Jack Kain regarding the "next to cover work procedure." Morris states that later that day, Kain located him in the cafeteria and told him to pack up his belongings and leave the premises because he had been removed from the program. Morris contends that Kain removed him from the program in retaliation for his filing of a grievance, in violation of his rights under the First Amendment. [R. 1, p. 4; R. 1-1, p. 2]

Morris further alleges that he then asked his case manager, Chuck Gilliam, to call his parole officer regarding his termination from the program, but that Gilliam refused. Gilliam further directed Morris to leave the facility grounds immediately when it was cold and raining outside, placing him at risk of serious harm. [R. 1, pp. 5-6; R. 1-1, p. 1] Morris also alleges that Executive Director Cecil Dunn violated unspecified constitutional rights when he did not give Morris an informal response to his grievances

2

against Kain and Gilliam. Finally, Morris contends that the Hope Center violated unspecified constitutional rights for removing him from the Recovery Program because it had agreed to his participation. [R. 1, p. 5]

Morris's complaint must be dismissed because his claims fail as a matter of law. As a threshold matter, the civil rights laws only apply to a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This requirement is satisfied only where the defendant is employed by the state, or the state otherwise vests the private individual with authority to act on its behalf in the performance of a function traditionally performed by the state. *Id*. at 49-50. Here, the Kentucky Secretary of State's website establishes that the Hope Center is a private not-for-profit corporation[1] rather than a state agency, and its employees are therefore likewise private employees. To conclude that a private person or entity acts under color of state law, "it must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state." *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The fact that the Hope Center receives a portion of its funding through contracts with the county government is not sufficient. *Rendell–Baker v. Kohn*, 457 U.S. 830 (1982); *Lansing v.*

---

[1] See https://app.sos.ky.gov/ftshow/(S(qbythvkq1nlvxujacrio ehuf))/default.aspx?path=ftsearch&id=0214787&ct=09&cs=99997 (last visited on August 29, 2013).

*City of Memphis*, 202 F.3d 821, 831 (6th Cir. 2000); *see also Guy v. Lexington Fayette Urban County Government*, No. 98-431-WOB, 2013 WL 2382964, at \*\* 7-9 (E.D. Ky. May 30, 2013) (collecting cases). Because the actions of the Hope Center and its employees are not fairly attributable to the state, there is no "state action" required to implicate Morris's constitutional rights.

In addition, Morris's allegations fail to state a claim against any of the defendants. With respect to Morris's claim that Kain expelled him from the Hope Center's recovery program in retaliation for filing a grievance regarding work procedures, he must show that (1) his filing of a grievance constituted conduct protected by the First Amendment; (2) Kain's removal of him from the program was conduct capable of deterring a person of "ordinary firmness from continuing to engage in that conduct"; and (3) that removal was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc). With respect to the first requirement, the First Amendment does not protect all expressive conduct; instead, it is focused upon whether the statements in question addressed a matter of public concern. This protection does not extend to statements regarding work procedures, which are purely internal matters in a work setting. *Cf. Connick v. Myers*, 461 U.S. 138, 149 (1983) ("the First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs.")

4

Morris's retaliation claim against Kain therefore fails as a matter of law.

Morris also suggests that defendant Gilliam violated his rights under the Eighth Amendment by displaying deliberate indifference to his safety by ordering him to leave the premises on a cold and rainy day. Because the very fact of incarceration prevents a prisoner from providing for his or her own daily living essentials, these necessities must be provided by prison officials, and the sufficiency of that effort is subject to the requirements of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Here, while Morris was participating in the Hope Center's program, he does not state or suggest that he was a prisoner, and thus appeared free to leave the premises. If the coercive power of the state has not been applied to restrict a citizen's liberty, hence rendering him a prisoner, the Eighth Amendment's proscription against "Cruel and Unusual Punishments" simply does not apply. *Cf. Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000). In sum, because Morris was not a prisoner, the Constitution does not impose an obligation upon the state or its instrumentalities to provide for his care, and the alleged failure to do so fails to state a claim under the Eighth Amendment.

Morris's complaint that Executive Director Cecil Dunn failed to respond to his grievances fails to state a claim upon which relief may be granted. The Constitution does not provide citizens

with a right to any grievance procedure, and thus an official's failure to adhere to such a procedure's guidelines does not state a claim of constitutional dimension.  *Patel v. Moron*, 897 F. Supp. 2d 389, 402 (E.D.N.C. 2012); *Hollins v. Cross*, No. 5:09CV63, 2010 WL 1066544, at *3 (N.D. W.Va. Mar. 16, 2010) (*citing Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)).  Likewise, Morris's claim against the Hope Center regarding his termination from the Recovery Program must fail because there is no constitutional right to access to rehabilitative programming.  *Cf. Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Fuller v. Shartle*, No. 4:11cv1821, 2012 WL 1068805, at *3 (N.D. Ohio Mar. 29, 2012).

Accordingly, **IT IS ORDERED** that:

1. Morris's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.
2. The Court will enter an appropriate judgment.
3. This matter is **STRICKEN** from the active docket.

This the 5th day of September, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge